JUSTICE RICE
concurring in part and dissenting in part.
¶57 I concur with the Opinion with regard to Issues I-IV, but dissent from part of the holding under Issue V.
¶58 I understand that the Court is reversing Duncan’s sentence under Issue V for the reason that the District Court uttered the words, “To date you’ve not shown any remorse” during the oral pronouncement of sentence.
¶59 We have held that “in imposing sentence, the sentencing court may consider any relevant evidence relating to the nature and circumstances of the crime, the character of the defendant, the defendant’s background history, mental and physical condition, and any evidence the court considers to have probative force” State v. Collier, 277 Mont. 46, 63, 919 P.2d 376, 387 (1996) (emphasis added). I believe the Court’s holding too narrowly constrains the application of this general rule.
¶60 The Court relies on Rennaker, a case in which I concurred under a different rationale and stated:
A defendant’s attitude, personality, demeanor and the respect which he appears to hold for society in general and individuals in particular are factors which sentencing judges consider, and should consider, in crafting the appropriate sentence.... I submit that a sentencing judge can and should gain insight into a defendant’s character and potential for future rehabilitation by observing the defendant’s reaction to the human suffering going on around him. Volumes are spoken about the person’s character who cannot be “remorseful” about human suffering, whatever its cause. A person who cares nothing about those around him lacks a moral compass and is a dangerous person indeed and who, for the protection of society, should be supervised or imprisoned...
... A defendant’s failure to “break his silence” about the pain or devastation around him is, in my view, an appropriate factor for the sentencing court to consider and from which to draw a conclusion that the defendant has or feels no remorse for those around him.
Rennaker, ¶ 56 (J. Rice, concurring)
¶61 I agreed with reversal in Rennaker because the sentencing judge went further than simply considering remorse by noting Rennaker’s failure to acknowledge what he did was wrong, thereby indicating that *234 Rennaker’s claim of innocence or right to remain silent was being held against him. However, no such statement was made here.
¶62 The Court acknowledges that a sentencing court may consider lack of remorse but requires the court to “affirmatively point to any evidence in the record to support that finding.” Given the clear need for sentencing judges to consider a defendant’s character and attitude, I find this requirement, as I did in Rennaker, to be overly stringent, inconsistent with the broad sentencing authority described in Collier to consider a wide range of information, and a micro-management of the sentencing process. I would not reverse Duncan’s sentence for the District Court’s utterance of these seven words.